THATCHER et al. v. BROWN.

(Circuit Court of Appeals, Ninth Circuit.    October 2, 1911.)

No. 1,911.

MINES AND MINERALS (§ 23*)—MINING CLAIMS IN ALASKA—EFFECT OF FAILURE TO COMPLETE ANNUAL ASSESSMENT WORK.

Act March 2, 1907, c. 2559, 34 Stat. 1243 (U. S. Comp. St. Supp. 1909, p. 552), amending the laws governing labor or improvements upon mining claims in Alaska, and which provides, inter alia, that upon failure of the owner of a claim to perform the required assessment work during any year "such claim shall become forfeited and open to location by others as if no location of the same had ever been made," by implication repealed and superseded, as to mining claims in Alaska, the provision of Rev. St. § 2324 (U. S. Comp. St. 1901, p. 1426), made applicable to Alaska by Act June 6, 1900, c. 786, § 26, 31 Stat. 329, that on a failure to do the annual assessment work a claim shall be "open to relocation in the same manner as if no location of the same had ever been made, provided that the original locators * * * have not resumed work upon the claim after failure and before such location," and under the law as amended a failure to complete the annual work which has been commenced during a year, before its expiration, works an absolute forfeiture, and the rights of a relocator cannot be defeated by its resumption.

[Ed. Note.—For other cases, see Mines and Minerals, Dec. Dig. § 23.*]

In Error to the District Court of the United States for the Second Division of the District of Alaska.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action at law by F. H. Thatcher, administrator of the estate of Cabel Whitehead, deceased, and others, against Elzie Brown. Judgment for defendant, and plaintiffs bring error. Affirmed.

Ira D. Orton, Metson, Drew & Mackenzie, and E. H. Ryan, for plaintiffs in error.

P. M. Bruner, for defendant in error.

Before ROSS and MORROW, Circuit Judges, and WOLVERTON, District Judge.

ROSS, Circuit Judge. The plaintiffs in error held under a valid location of the mining ground in controversy made prior to the year 1908, and the defendant in error under a location of the same ground made by her on the first day of January, 1909. The record shows that the plaintiffs in error did not commence to perform the required annual assessment work upon the claim until the 31st day of December, 1908, at which time they commenced the sinking of a hole in the ground, and put up a tent for the workman, who, upon the conclusion of his work for that day, left his tools in the hole with the intention of resuming the work the next morning; and the plaintiffs in error offered to prove upon the trial of this action, which was ejectment, that their work was resumed and $100 worth of work actually performed by them under the location held by them. Acting upon the theory that under the law governing Alaska the plaintiffs in error had no right to continue their work after the expiration of the year 1908, and that their rights had become forfeited by their failure to complete $100 worth of work upon the claim during that year, the defendant in error located the same ground in the morning of January 1, 1909; and in that contention the defendant in error was sustained by the court below in its rulings upon the offer of proof by the plaintiffs in error and in its instructions to the jury, all of which were excepted to by the plaintiff in error, and constitute the grounds of the appeal. The real question, therefore, in the case is: What is the law of Alaska upon that subject?

The general mining law in respect to such locations is that found in section 2324 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 1426), which, by section 26, c. 1, tit. 1, of the Act of June 6, 1900 (31 St. Lg. 321), was made applicable to the district of Alaska. Section 2324 of the Revised Statutes provides in respect to the annual labor upon such claims as follows:

"On each claim located after the tenth day of May, eighteen hundred and seventy-two, and until a patent has been issued therefor, not less than one hundred dollars' worth of labor shall be performed or improvements made during each year. On all claims located prior to the tenth day of May, eighteen hundred and seventy-two, ten dollars' worth of labor shall be performed or improvements made by the tenth day of June, eighteen hundred and seventy-four, and each year thereafter, for each one hundred feet in length along the vein until a patent has been issued therefor; but where such claims are held in common, such expenditure may be made upon any one claim; and upon a failure to comply with these conditions, the claim or mine upon which such failure occurred shall be open to relocation, in the same manner as if no location of the same had ever been made, provided that the original locators, their heirs, assigns or legal representatives, have not resumed work

upon the claim after failure and before such location. Upon the failure of any one of several co-owners to contribute his proportion of the expenditures required hereby, the co-owners who have performed the labor or made the improvements may, at the expiration of the year, give such delinquent co-·owner personal notice in writing or notice by publication in the newspaper published nearest the claim, for at least once a week for ninety days, and if at the expiration of ninety days after such notice in writing or by publication such delinquent should fail or refuse to contribute his proportion of the expenditure required by this section, his interest in the claim shall become the property of his co-owners who have made the required expenditures. Provided that the period within which the work required to be done annually on all unpatented mineral claims shall commence on the first day of January succeeding the date of location of such claim and this section shall apply to all claims located since the tenth day of May, anno Domini eighteen hundred and seventy-two."

On the 2d of March, 1907, Congress enacted this statute:

"An act to amend the laws governing labor or improvements upon mining claims in Alaska.

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, that during each year and until patent has been issued therefor, at least one hundred dollars' worth of labor shall be performed or improvements made on, or for the benefit or development of, in accordance with existing law, each mining claim in the district of Alaska heretofore or hereafter located. And the locator or owner of such claim or some other person having knowledge of the facts may also make and file with the said recorder of the district in which the claims shall be situate an affidavit showing the performance of labor or making of improvements to the amount of one hundred dollars as aforesaid and specifying the character and extent of such work. Such affidavit shall set forth the following: First, the name or number of the mining claims and where situated; second, the number of days work done and the character and value of the improvements placed thereon; third, the date of the performance of such labor and of making improvements; fourth, at whose instance the work was done or the improvements made; fifth, the actual amount paid for work and improvement, and by whom paid when the same was not done by the owner. Such affidavit shall be prima facie evidence of the performance of such work or making of such improvements, but if such affidavit be not filed within the time fixed by this act the burden of proof shall be upon the claimant to establish the performance of such annual work and improvements. And upon failure of the locator or owner of any such claim to comply with the provisions of this act, as to performance of work and improvements, such claim shall become forfeited and open to location by others as if no location of the same had ever been made."

It will be seen that by both the acts above quoted the annual assessment work is required to be done "during" the year. But by the former act a failure to complete such work within the year, while rendering the ground open to relocation, was not declared to work a forfeiture of the locator's rights; on the contrary, he, together with his heirs, assigns, or legal representatives, was expressly given the right to resume work upon the claim after such failure to complete it, provided no other location be made in the meantime. By its act of March 2, 1907, however, Congress, while conferring upon locators in Alaska a privilege not given by section 2324 of the Revised Statutes, to wit, a provision permitting Alaskan locators to file for record an affidavit showing the performance of the required annual assessment work, which affidavit should be prima facie evidence of such performance, expressly declared that, upon the failure of the locator or owner

of any such claim in Alaska to comply with the provisions of the act as to the performance of work and improvements, "such claim shall become forfeited and open to location by others as if no location of the same had ever been made."

It is true that the act of March 2, 1907, contains no express repeal of any previous provision of the statutes, and it is also true that implied repeals are not favored. Still the courts are not at liberty to ignore a purpose to repeal clearly indicated by irreconcilable provisions. Here we have an old mining statute, made applicable to Alaska by the act of June 6, 1900, expressly providing that while a failure on the part of the locator to complete the required annual assessment work would render the ground covered by the location open to relocation, yet such work might be resumed by the locator or his legal representatives, provided no other location had intervened, and then a later act to amend the law upon the subject in so far as mining claims in Alaska are concerned, which in terms declares that upon the failure of the locator to perform the required amount of work upon the claim within the year "such claim shall become forfeited and open to location by others as if no location of the same had ever been made."

Both acts expressly require $100 worth of work or improvements to be done or made on or for the benefit of each claim during each year. But the consequences of a failure to complete such work or improvements within the year are differently declared, and such differences are irreconcilable. In the earlier act such failure is not declared to end the locator's right; but he is thereby given the right to resume the work after the expiration of the year, provided there has been no other location meanwhile. By the later act no such permission is accorded, and there is therein an express declaration that such failure works a forfeiture of the claim. To that extent the prior law, so far as it affects claims in Alaska, was necessarily repealed by the later one.

We are of opinion that the court below was right in its rulings, and its judgment is accordingly affirmed.

WOLVERTON, District Judge, concurs.